EFFIE STINGER, Guardian of JEANNE ELIZABETH
    STINGER, Claimant-Respondent, v. DICKENS CON-
    SOLIDATED MINES COMPANY, Operators, and C.
    A. PHILLIPS, Employers-Respondents, MARYLAND
    CASUALTY COMPANY, Surety-Appellant, and
    AETNA CASUALTY AND SURETY COMPANY,
    Surety-Respondent.

[258 Pac. 1117.]

APPEAL from the District Court of the First Judicial
District, for Shoshone County. Hon. Albert H. Feather-
stone, Judge.

Appeal from judgment affirming award of Industrial Ac-
cident Board. *Reversed* as to appellant; *affirmed* as to other
defendants.

N. D. Wernette, for Appellant.

A casualty insurance company is not bound beyond the
terms of its engagement and its liability cannot be extended
by implication beyond the terms of the policy. (*New Am-
sterdam Casualty Co. v. State Industrial Commission,* 80 Okl.
7, 193 Pac. 974; *Brown v. Connecticut Fire Ins. Co.,* 52 Okl.
393, 153 Pac. 173.)

Failure of an applicant for employers' liability insurance
to disclose the real identity of the insured is a fraud in law,
invalidating the contract at the election of the insurer.
(*Leone's Case,* 239 Mass. 1, 131 N. E. 196; *General Acci-
dent, Fire & Life Assur. Corp. v. Industrial Acc. Com.,* 196
Cal. 179, 237 Pac. 33.)

One contracting with an agent apparently having limited
authority is bound to inquire as to, and take notice of, the
limitations imposed by the company on his authority to act
for it.    (22 Cyc. 1433.)

Therrett Towles, for Respondent Stinger, files no brief.

Harry M. Morey, J. Ward Arney and A. M. Waters, for Respondent Aetna Casualty & Surety Co.

The surety bond executed and filed by the Maryland Casualty Company in behalf of C. A. Phillips in compliance with the Workmen's Compensation Act, as distinguished from the policy of insurance which the Maryland Casualty Company gave Phillips, is the instrument upon which the liability of the casualty company depends. (C. S., secs. 6278, 6282.)

The supreme court has no jurisdiction to set aside findings of fact by the district court or the Industrial Accident Board if there is any competent or substantial evidence in the record supporting the finding. (*McNeil v. Panhandle Lumber Co.*, 34 Ida. 773, 203 Pac. 1068; *Taylor v. Blackwell Lumber Co.*, 37 Ida. 707, 218 Pac. 356; *Hillen v. Industrial Acc. Com.*, 199 Cal. 577, 250 Pac. 570.)

The commissioner, board and court found the fact to be that the bond in favor of C. A. Phillips covered the employees of the Dickens Consolidated Mines Co., Operators, and since there is evidence to sustain that finding it cannot be set aside. (*McNeil v. Panhandle Lumber Co., supra; Taylor v. Blackwell Lumber Co., supra; Pruitt v. Industrial Acc. Com.*, 189 Cal. 459, 209 Pac. 31; *Hillen v. Industrial Acc. Com., supra.*)

TAYLOR, J.—This is an appeal by Maryland Casualty Company from a judgment rendered on appeal from an award by the Industrial Accident Board against it and Aetna Casualty & Surety Company, respondent, and others, for the death of one Frank Stinger.

We have thoroughly examined the record and conclude that the bond of appellant was not issued to cover, and was not liable for, injuries to employees of the association known as Dickens Consolidated Mines Company, Operators, of which deceased was an employee at the time of his injury. The findings and conclusions against appellant are not sup-

Points Decided.

ported by the evidence, and the judgment thus far is erroneous.

It is ordered that the judgment against the appellant be vacated, annulled and held for naught, and, as to the remaining defendants, respondents, none of whom have appealed, it be affirmed. Costs to appellant.

Wm. E. Lee, C. J., and Budge, Givens and T. Bailey Lee, JJ., concur.